**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**UNITED STATES OF AMERICA, *ex rel*. SAUL LITTLE,**

**Petitioner,**

**v.**

**NEDRA CHANDLER, Warden, Dixon Correctional Center,**

**Respondent.**

**Case No. 12 C 6912**

**Hon. Harry D. Leinenweber**

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondent Nedra Chandler's Motion to Dismiss *pro se* Petitioner Saul Little's Petition for a Writ of *Habeas Corpus*. For the reasons stated herein, the Court grants the motion.

## I.  BACKGROUND

In 2009, Petitioner Saul Little (hereinafter, the "Petitioner" or "Little") was convicted of two counts of criminal sexual assault in the Circuit Court of Cook County, Illinois. He was sentenced to consecutive prison terms of five and four years. *Id.* At the time of his sentencing, the trial court granted Petitioner 445 days of credit for time served while in custody.

On August 28, 2012, Petitioner filed a Petition for Habeas Corpus titled, "Emergency sua sponte exparte *[sic]* petition for writ of habeas corpus." ECF No. 1. In his Petition, Little argues

that he is entitled to be released from prison immediately because the Illinois Department of Correction (the "IDOC") calculated his release date inaccurately. He also argues his term of mandatory supervised release is invalid because the IDOC imposed the term and it was not included in the trial court's sentencing order.

On October 17, 2012, the Court dismissed Petitioner's case because he failed to pay the filing fee or submit an application to proceed *in forma pauperis*. ECF No. 6. Shortly after the dismissal, Petitioner filed an application to proceed *in forma pauperis*, which the Court granted. ECF No. 8. At this time, the Court reinstated Petitioner's *habeas corpus* petition and directed Respondent Nedra Chandler ("Respondent") to respond in twenty-eight days. *Id.*

Pursuant to this order, Respondent filed a Motion to Dismiss on January 29, 2013. ECF No. 11. In the Motion, Respondent contends Little's petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A), for failure to exhaust available state court remedies.

The Court gave Petitioner until March 6, 2013 to file a response to Respondent's motion. *Id.* Despite the fact that the record reflects notice and a copy of the motion were served upon Petitioner on January 29, 2013, he has failed to respond. *See* ECF No. 12 at 2.

- 2 -

## II.  LEGAL STANDARD

28 U.S.C. § 2254 limits the ability of district courts to grant *habeas* relief to state prisoners.  Relief will not be granted under Section 2254 unless the Court determines that the state court's adjudication of a claim resulted in either (1) a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court[;]" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(1)-(2).  The federal courts review the decisions of the state courts on a deferential standard of review.  *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010).  The factual findings of the state court are presumed correct unless the petitioner rebuts this presumption with "clear and convincing evidence."  *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007).

State prisoners cannot present a Section 2254 petition in federal court until they exhaust their state court remedies and subject their claims to a complete round of state appeals.  *See Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008).  A prisoner has not exhausted available state court remedies within the meaning of Section 2254 "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  "This means that the petition must raise the

- 3 -

issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). The purpose of the exhaustion requirement is to "giv[e] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (citations omitted).

### III.  DISCUSSION

In his Petition, Little claims he is being held beyond the completion of his prison sentence and is entitled to immediate release. He seems to concede that he has not fully exhausted his claims to the Illinois state courts, and argues that he should not be required to do so because he is entitled to immediate release.

Little's argument is incorrect. "Exhaustion is only excused when the state court process is unavailable or otherwise ineffectual at protecting his rights." *U.S. ex rel Harris v. Chandler*, No. 12-C-5076, 2012 WL 2780526 at *1 (N.D. Ill. July 5, 2012) citing 28 U.S.C. § 2254(b)(1). There is no indication here that the Illinois courts are unable to provide Little relief for his claims. As such, Little's failure to exhaust is not excused.

Moreover, to the extent Little is arguing that he has exhausted his claims to the State courts, the representations from Respondent prove otherwise. Respondent avers that it has contacted the litigation coordinator at the correctional center Petitioner

resides and has confirmed that Little has failed to file any grievances regarding the calculation of his release date or his required mandatory supervised release term. *See generally*, 20 Ill. Admin. Code § 504.810 (requiring prisoners to file a grievance at the correctional center they reside when asserting complaints pertaining to the calculation of their release date). Respondent also confirmed with the Clerks of the Circuit Courts of Cook and Lee Counties (the counties where Little was convicted and is incarcerated in), that he has never filed a *mandamus* complaint in those jurisdictions. Thus, he has failed to exhaust his § 2254 claims in the instant petition.

Notwithstanding his failure to exhaust, the Court will proceed to the merits of Little's petition. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Little's Petition challenges the calculation of his release date from prison. He was sentenced on April 23, 2009 to a term of nine years imprisonment. ECF No. 1 at 8. At this time, he was awarded a total credit of 445 days for time served. *Id.* Little argues that he should have been released on August 2, 2012. He bases this argument on his assumption that his sentencing order requires that his term be served at fifty percent.

However, a prisoner serves fifty percent of his sentence only when that sentence is for an offense "other than those enumerated in [730 ILCS 5/3-6-2]a(2) . . . (ii)." 730 ILCS 5/3-6-3(2.1) (West 2008). As previously stated, Little was convicted of criminal sexual assault. This is one of the enumerated offenses found in 730 ILCS 5/3-2(a)(2). Notably, the statute provides, "that a prisoner serving a sentence for . . . criminal sexual assault . . . shall receive no more than 4.5 days of sentence credit for each month of his or her sentence imprisonment." 730 ILCS 5/3-6-3(a)(2)(ii). This means Little faces the prospect of serving *at least* 85% of his sentence in prison. *Harris*, 2012 WL 2780526 at *1 (emphasis added). If he earns all possible conduct credit, the IDOC projects that he will be released from prison and placed on mandatory supervised release on September 26, 2015. ECF No. 1 at 9. If he earns no good conduct credit he will be released on February 2, 2017, the full nine years after he entered custody. *Id.* While throughout his petition, Little claims the IDOC altered or changed his sentencing order unlawfully, the Court finds the evidence Little has presented indicates otherwise. *See* ECF No. 1 at 8-9.

It is clear to the Court that this part of Little's federal *habeas corpus* petition essentially comes down to a disagreement over how Illinois' sentencing laws are applied. Little argues he was sentenced under Illinois' traditional "day-for-day" good

conduct framework and fails to understand that the severity of his crimes caused him to be sentenced under a different statute that requires him to serve at least 85% of his sentence. Accordingly, the Court finds Little's argument regarding the inaccurate calculations of his release date unavailing.

Moreover, even if the Court assumed Little's assertions had merit, this Court cannot resolve this state law dispute in a federal *habeas* petition. *See*, *Dellinger v. Brown*, 301 F.3d 758, 764 (7th Cir. 2002) (finding a petitioner claiming "an error in the interpretation of [ ] Illinois['s] . . . sentencing rules[ ] does not present a cognizable claim for habeas relief."). Finally, even if this Court could address state law matters, it would still be bound by Illinois's own its interpretation of its law. *McCloud v. Deppisch,* 409 F.3d 869, 875 (7th Cir. 2005). Accordingly, the Court dismisses this claim with prejudice.

Little's final argument is that his mandatory supervised release requirement is void because the IDOC, not the trial court, imposed this portion of his sentence. Respondent contends this claim has no factual basis, since Little's mandatory supervised release term arose as part of his original, judicially-imposed sentence by operation of state law. Resp.'s Mot. to Dismiss at 2 n. 2. However, because Respondent fails to present any court transcripts or other documentation that supports its position, the

Court will give Little the benefit of the doubt at this juncture and assume that such evidence does not exist.

That said, Little's claim still fails. "Habeas claims based on the failure to advise a defendant about MSR [mandatory supervised release] at the time of sentencing are based on state law and thus do not state a claim based on the denial of a clearly established federal constitutional right." *Poole v. Gaetz*, No. 12-C-3688, 2013 WL 1679389 at \*4 (N.D. Ill. Apr. 16, 2013) citing *United States ex rel. Fogarty v. Dawson,* No. 11 C 0040, 2011 WL 117203, at \*1-2 (N.D. Ill. Jan. 7, 2011). Therefore, even if Little had exhausted his state court remedies and even if his arguments had merit, such arguments are not cognizable for the purposes of federal *habeas corpus* petitions. As such, the Court dismisses the entirety of Little's petition on its merits.

## IV.   CONCLUSION

For the reasons stated herein, the Court grants Respondent's Motion to Dismiss and dismisses Petitioner's *Habeas Corpus* Petition with prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date:6/7/2013

- 8 -